No. 30,493.

EARL R. BAXTER, *Appellee,* v. S. D. JARVIS, *Appellant.*

(10 P. 2d 849.)

Opinion filed May 7, 1932.

*Albert Faulconer, Kirke W. Dale* and *C. L. Swarts,* all of Arkansas City, for the appellant.

*George Stanley, Tom Pringle* and *H. V. Howard,* all of Arkansas City, for the appellee.

The opinion of the court was delivered by

SMITH, J.: This action was to recover an amount claimed to be due the plaintiff for services in securing oil and gas leases. Judgment was for plaintiff. Defendant appeals.

The petition was in four causes of action. Only the first two concern us here.

The first cause of action was based on an alleged contract between appellant and appellee, whereby appellant was alleged to have agreed to pay appellee twenty-five cents an acre for obtaining oil

and gas leases for him. The only dispute in the pleadings was that appellee claimed that appellant agreed to pay him twenty-five cents an acre for all leases he should obtain for him. Appellant answered that he only agreed to pay appellee for leases he secured for him which appellant was able to sell.

The error of which appellant complains on that cause of action is that there was a variance between the allegations of the petition and the proof of appellee. His foundation for that is that in the petition the contract alleged does not limit the territory in which the leases should be obtained, while in the testimony of appellee he limits it to Reno, northern Kingman and Sedgwick counties:

R. S. 60-753 provides as follows:

"No variance between the allegations, in a pleading, and the proof is to be deemed material, unless it have actually misled the adverse party, to his prejudices, in maintaining his action or defense upon the merits. Whenever it is alleged that a party has been so misled, that fact must be proved to the satisfaction of the court, and it must also be shown in what respect he has been misled, and thereupon the court may order the pleading to be amended, upon such terms as may be just."

The petition in this case set out in an exhibit the exact leases for which appellee claimed he should be paid. Appellant knew just where the leases were which appellee was claiming pay for obtaining. He had ample time and opportunity to make any defense he could make. It does not appear that appellant could have been misled by the variance pointed out. The only defense alleged in his answer was the difference in the contract which has been pointed out heretofore. That issue was found against him by the jury.

Appellant urges that the court gave an erroneous instruction to the jury on the first cause of action. This argument is based on the claim made as to the variance between the pleading and proof. We have seen that this argument is not good.

Appellant makes the further contention that appellee in his cross-examination agreed with the statement of the contract as pleaded by appellant. We have examined the record and have concluded that the particular question and answer do not warrant such an interpretation.

The second cause of action pleads another contract whereby appellant is alleged to have agreed to pay appellee for obtaining oil and gas leases for him. That paragraph in the petition is as follows:

"That on or about the —— day of April, 1929, plaintiff and the defendant entered into an oral agreement whereby the plaintiff was to procure for and in the name of the defendant oil and gas leases covering land in the Mid-

Continent field, which would be paid for by the said defendant, and that for his services in procuring said leases the plaintiff was to receive an amount of money equal to forty (40%) per cent of the sale price less the purchase cost of said leases and the abstract expenses. That immediately after entering into said oral agreement the said plaintiff did proceed to procure for and in the name of the said defendant certain oil and gas leases and royalties in Cowley, Harvey, Sumner, Sedgwick, Kingman and Barber counties in the state of Kansas. A list of which leases is hereto attached marked 'Exhibit B' and made a part of this action."

The allegation in the answer with reference to this was as follows:

"That on or about the —— day of ——— 1929, this defendant did employ the plaintiff to procure oil and gas leases and royalties in such section of the Mid-Continent field as this defendant should desire, and did agree to pay said plaintiff as full compensation for his services forty per cent (40%) of the net profit derived from the sale of such leases as were leased entirely by said plaintiff, but said plaintiff was to receive a commission on any and all leases secured by him for this defendant and which this defendant specifically designated the said plaintiff should obtain."

It will be noted that the only substantial difference pleaded is that appellee claimed that he was to be paid for any leases that he obtained, while appellant claimed that appellee was only to obtain such leases as appellant should designate.

The first error complained of in this cause of action is one of the instructions of the court. It is as follows:

"The number of leases obtained and the amount to be paid therefor is all agreed to, the agreement being that the plaintiff was to be paid 40 per cent profit. The leases purchased and sold and the profits are agreed to, and if the plaintiff's contention be true he would be entitled to a balance due on this cause of action of $971.69."

Appellant urges that this instruction is not correct because it states that the parties had agreed, when as a matter of fact they had not. The fact is, however, that in the next paragraph of the instruction the court deals with the disputed questions in this cause of action.

In this cause of action, as in the one heretofore discussed, each lease was set out in an exhibit attached to the petition and the amount claimed was set out in detail. Here, also, we must observe that the only defense to this cause of action alleged in the answer was decided in favor of appellee by the jury. Appellant urges that there are such discrepancies between the petition and the proof as to require a reversal of this case. We have examined the record in this respect and are unable to find where the appellant was prejudiced.

The judgment of the trial court is affirmed.